# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CYNTHIA SOSA, | ) | 1:09-cv-00863 GSA |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | ) | |
| | ) | (Document 19) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **BACKGROUND**

On September 20, 2010, this Court issued its Order Regarding Plaintiff's Social Security Complaint wherein the agency's decision was reversed and the matter remanded for further proceedings. (Doc. 17.) On September 22, 2010, Defendant, Michael Astrue ("Defendant or Commissioner") moved to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 19). Plaintiff filed an opposition to the motion on December 20, 2010. (Doc. 20).

///

///

///

1

**SCOPE OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure states "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e). *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law." *Id*.

In the instant action, Defendant timely moved to amend the judgment by filing a motion within the twenty-eight day period and has alleged a manifest error of law. (Doc. 19 at pg.1). Upon a review of the pleadings, the Court denies Defendant's motion.

**DISCUSSION**

The issue raised in this motion is whether the ALJ properly rejected Dr. Levins' opinion dated July 17, 2008. AR 108-109. Dr. Levins is Plaintiff's orthopedic surgeon who performed surgery on Plaintiff's right knee in November 2005. AR 283-288. Although Plaintiff initially appeared to be doing well after her surgery (Doc.19 at pg. 6 citing AR 191), she was seen by Dr. Grozdeva, another physician, in March 2007 and January 2008, and complained of increased pain. (Doc. 19 at pg. 6-7 citing AR 122-139).

On July 17, 2008, Dr. Levins completed the assessment in question. (Doc. 17 at pg. 7 citing AR 108-109). Based on x-rays and unpredictable locking and popping, he opined that Plaintiff could lift less than ten pounds, could stand and/or walk less than two hours a day, and could sit less than six hours. AR 108-109. Dr. Levins also indicated that Plaintiff required the use of her upper extremities for support. (AR 108-109).

The ALJ rejected Dr. Levins' opinion based on the following::

> As for the opinion evidence, the State agency medical consultants concluded that the claimant retains the residual functional capacity to lift and carry 20 pounds occasionally, and

> 10 pounds frequently and stand, walk and sit 6 hours in an 8-hour workday with occasional climbing, balancing, stooping, kneeling, crouching and crawling.
>
> Orthopedic surgeon, Dr. Levins opined that the claimant could lift and carry less than 10 pounds, stand and walk less than 2 hours and sit less than 6 hours in an 8-hour workday and with no climbing, balancing, stooping, kneeling, crouching and crawling. Very little weight [is] given to Dr. Levins opinion as it is not supported by clinical findings and is not consistent with other medical evidence. For example, right knee x-rays performed in December 2006 showed only mild tricompartmental degenerative joint disease. A medical report in March 2007 indicated mild osteoarthritis of the right knee. Furthermore, the record indicates that the claimant has received minimal right knee treatment since her surgery and has seen Dr. Levins on [sic] a couple of times. The State agency medical opinion [sic] that the claimant can perform light work is given very little weight as they did not have the opportunity of examining the claimant.

AR 14. (internal citations omitted).

This Court found that the ALJ's rejection of the specialist's opinion was improper because there was not sufficient medial evidence in the record to support the ALJ's finding that the Plaintiff could perform her past work or other work. (Doc. 17 at pg. 12). In doing so, this Court determined that the reasons the ALJ gave to reject this specialist's opinion were not legitimate and specific because the medical record was ambiguous. *Id.* In particular, the Court reasoned that although the ALJ relied on the fact that Plaintiff had not seen Dr. Levins regularly over the course of her treatment and had received minimal treatment for her knee, there was evidence in the medical record that Plaintiff had a recurring knee problem. In particular, Ms. Sosa had been treated and evaluated by Dr. Grozdeva in 2007 and 2008, and had complained of knee pain. *Id.* During these evaluations, Dr. Grozdeva noted that there was minimal lipping along the joint lines medially and laterally, a slight sharpening of the tibial spines, and what appeared to be some narrowing of the patellofemoral joint. *Id.* Dr. Grozdeva indicated that if Plaintiff's symptoms did not improve, she would refer Plaintiff for another orthopedist evaluation. *Id.*

Plaintiff was subsequently evaluated by her specialist, Dr. Levins. At the time of the assessment, Dr. Levins identified significant impairments. AR 108-109. This Court noted the Dr. Levins' report was insufficient because it was a check box format, however, it also noted Dr. Levins was a specialist whose opinion is entitled to deference. (Doc. 17 at pg. 12-13). Since the medical record indicated that a thorough examination of Plaintiff's knee had not been completed since 2005,

the Court determined that the ALJ had a duty to develop a complete medical record before rejecting the specialists' opinion. *Id*.

Defendant has moved to amend the judgment arguing the Court erred by requiring that additional medical evaluations be completed. Specifically, the Commissioner contends that the ALJ's interpretation of the evidence was reasonable and that this Court improperly interjected its own interpretation of the evidence. Thus, this Court's finding that the ALJ was required to obtain additional medical information improperly shifted the burden onto the Commissioner when the record fully supported the ALJ's finding that Dr. Levins' opinion was unsupported and inconsistent with the record. Plaintiff opposes Defendant's motion arguing that Defendant has not established any of the factors required for a Rule 59(e) motion and that the Commissioner's motion is disingenuous as it merely reiterates arguments that the Court has already considered.

In support of its argument, the Commissioner contends that it is reasonable that Plaintiff would have sought more frequent treatment and that a physical examination could have produced radiological and clinical findings supporting Plaintiff's complaints. (Doc. 19 at pg.4). The Commissioner further argues, that when Ms. Sosa went for treatment for her diabetes in 2006, she had a normal neuroromuscular examination at that time, and that between November 2006 and July 2008, Ms. Sosa only complained of knee pain two times. (Doc. 29 at pg. 5). Finally, the Commissioner argues that the other objective findings showed only mild degeneration in Plaintiff's knee as of January 2008, which was inconsistent with the limitations Dr. Levins imposed and was a valid reason for the ALJ to reject the opinion.

The Court is unpersuaded by Defendant's arguments. As a preliminary matter, Defendant's motion contains no new arguments that were not already considered by this Court in its initial opinion. This Court issued a thorough seventeen page decision that has previously addressed Defendant's arguments. A motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through-rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made

an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).

      Furthermore, the Commissioner references no complaints of pain or trips to the doctor beginning in 2006. However, the record indicates that Plaintiff's progress after her initial knee surgery was good. AR 191. She only started complaining of increased pain in March 2007 when her medication was increased from Tylenol #3 to Tylenol #4. AR 138-139. Despite this change in her medication, Plaintiff's continued to report increased pain in January 2008. AR 122-137. At that time, Dr. Grozdeva noted mild degenerative joint disease but prescribed codeine and diclofenac sodium to treat osteoarthritis of the knee. *Id*. The doctor further indicated that she would refer Plaintiff for an orthopedic surgeon if the pain did not improve. *Id*. Dr. Grozdeva obviously felt that Claimant's complaints of pain warranted a referral to a specialist as Dr. Levins completed an evaluation in July 2008. *Id*. This assessment indicated Plaintiff had significant limitations. Therefore, although Defendant argues that Dr. Grozdeva's objective findings indicate only mild degeneration of the knee, the Commissioner's representation of Plaintiff's pain history is selective and fails to recognize the longitudinal history of Plaintiff's condition.

      The Commissioner also argues that the ALJ's interpretation of the evidence was reasonable and this Court should defer to this interpretation. However, as noted in this Court's opinion, the opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Especially noteworthy is that the opinion of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist. *See* 20 C.F.R. § 404.1527(d)(5). *See also Bunnell v. Sullivan*, 912 F.2d 1149, 1153 (9th Cir. 1990) *aff'd en banc,* 947 F.2d 341 (9th Cir. 1991). Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d at 830. Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons"

supported by substantial evidence in the record. *Id.* (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Here, the ALJ did set forth a summary of the evidence and made findings based on her interpretations of the record. However, these reasons were not legitimate given the case law in the Ninth Circuit. In *Orn v. Astrue,* 495 F.3d 625 (9th Cir. 2007) the Ninth Circuit reiterated and expounded upon its position of treating physicians. If a treating physician's opinion is not given controlling weight because it is not well supported or because it is inconsistent with other substantial evidence in the record, the ALJ is instructed by Section 404.1527(d)(2) to consider the factors listed in Section 404.1527(d)(2)-(6) in determining what weight to accord the opinion of the treating physician. Those factors include the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. 20 C.F.R. 404.1527(d)(2)(i)-(ii). Other factors include the supportablility of the opinion, consistency with the record as a whole, the specialization of the physician, and the extent to which the physician is familiar with disability programs and evidentiary requirements. 20 C.F.R. § 404.1527(d)(3)-(6). Even when contradicted by an opinion of an examining physician that constitutes substantial evidence, the treating physician's opinion is "still entitled to deference." SSR 96-2p; *Orn*, 495 F.3d at 632-633. "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96-2p; *Orn*, 495 F.3d at 633.

In this instance, the Court did not adopt the specialist opinion but instead simply remanded the matter so that a more comprehensive evaluation could be performed. Although Defendant feels confident in rejecting the opinion of the orthopedic surgeon who performed Plaintiff's surgery, the Court found that the reasons given by the ALJ were not legitimate and specific given the lack of a comprehensive evaluation of Plaintiff's knee since 2005. As noted in this Court's opinion, it is Plaintiff's burden to produce full and complete medical records, not

the Commissioner's. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999). However, when the evidence is ambiguous or "the record is inadequate" to allow for proper evaluation of the evidence, the ALJ has a duty to develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Furthermore, in formulating the RFC, the ALJ rejected the opinions of both Dr. Levins and the state agency non-examining consultants. AR 14. Therefore, the RFC the ALJ formulated was not based not on any medical opinion contained in the record, but on her own opinion. This is improper; an ALJ is not allowed to use his or her own medical judgment in lieu of that of a medical expert. *Gonzalez Perez v. Secretary of Health & Human Serv.*, 812 F.2d 747, 749 (1st Cir. 1987); *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992); *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).

In light of the above, the Court properly concluded that a more extensive evaluation of Plaintiff's knee should be performed. Accordingly, Defendant has not established a manifest error of law or fact and the Motion to Amend Judgment will not be granted.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion to Amend Judgment is DENIED. The matter is REVERSED and the case is REMANDED to the ALJ for further proceedings consistent with the directives outlined in this Court's order dated September 20, 2010. (Doc. 17).

IT IS SO ORDERED.

Dated: **August 3, 2011**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE